[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11002
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2010
JOHN LEY
CLERK

Agency No. A088-824-275

FERNI KOK,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 10, 2010)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Ferni Kok, an ethnically Chinese native of Indonesia, petitions for review of

the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her application for asylum.[1] Kok argues on appeal that the BIA and IJ erred in determining that she had not suffered past persecution. She also argues that she has demonstrated a well-founded fear of future persecution in Indonesia based on her Chinese ethnicity.

DISCUSSION

The BIA did not expressly adopt the IJ's opinion, and we thus review the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo the BIA's legal conclusions and review any factual findings upon which the legal conclusions are based under the substantial evidence test. Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005).

To be eligible for asylum, an applicant must prove that she is a "refugee" within the meaning of the Immigration and Nationality Act. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). To establish refugee status, the applicant must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political

---

[1] Kok does not challenge the IJ and BIA's determination that she is not entitled to withholding of removal or protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Accordingly, Kok has waived her right to object to this determination and we review only the denial of her application for asylum. See Mendoza v. U.S. Att'y Gen., 327 F.3d 825, 826 n.3 (11th Cir. 2003).

2

opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). A showing of past persecution creates a rebuttal presumption of a well-founded fear of future persecution. De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1007 (11th Cir. 2008).

Kok argues that she suffered past persecution in Indonesia because of her Chinese ethnicity on the basis of the following incidents: (1) she was assaulted on a bus in 2002 by native Indonesians who made racial slurs and called her "Chinese" when they fondled her on the bus; (2) she was assaulted by Muslims on a different occasion in 2005 while walking home from school and felt that she was assaulted because she is Chinese; and (3) her father's store went bankrupt after threats from native Indonesians scared customers away.

The IJ found that these incidents were not sufficient to constitute past persecution, and the BIA affirmed. The BIA also determined that Kok had not offered sufficient evidence to show that these incidents occurred on account of her Chinese ethnicity. We agree that Kok failed to demonstrate that she was targeted because of her ethnicity. Kok testified to only a single incident in which the assailants called her Chinese. She did not claim that the men involved in the second incident in 2005 said anything concerning her ethnicity. Reference to her ethnicity during one assault does not show that Kok was targeted because she is

3

Chinese, as opposed to some other reason. Thus, even if we presume that the incidents described by Kok constitute persecution, she has not met her burden of establishing refugee status because she has not established that she was targeted on account of her ethnicity.

Likewise, Kok has failed to demonstrate that she has good reason to fear future persecution based on her ethnicity if she returns to Indonesia. The single incident in which Kok was called "Chinese" occurred eight years ago. See Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1328 (11th Cir. 2001) (affirming BIA's denial of asylum application where petitioner interacted with alleged persecutors only once, eight years before the case was decided). The only additional evidence presented by Kok in support of a well-founded fear of future persecution was a 2007 U.S. Department of State Country Report on Human Rights Practices for Indonesia ("Country Report") which describes instances of violence, rape and other sexual abuse against ethnic Chinese women. However, the BIA noted that the Country Report also indicates that "discrimination and harassment of ethnic Chinese continued to decline compared with previous years" and that the group "accounted for approximately 3 percent of the population, by far the largest nonindigenous minority group, and played a major role in the economy." BIA Op. at 2 (citing Country Report at 132). Considering both the

4

prior incident and the Country Report, we find that the record does not compel the conclusion that Kok has good reason to fear future persecution in Indonesia based on her Chinese ethnicity. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 482 (1992) (holding that the record must compel the conclusion that the applicant "fears persecution *on account of*" a protected ground) (emphasis in original).

**PETITION DENIED.**